IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAVIER TAMAYO,<br>Defendant. | Case No. 06-cr-00647-CRB-1<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Javier Tamayo has moved for compassionate release under 18 U.S.C. 3582(c)(1)(A). See generally Mot. (dkt. 513). The Government does not oppose his request. See Response (dkt. 518) at 1. The Court agrees that Tamayo has satisfied the requirements of § 3582(c)(1)(A) and the applicable Sentencing Commission policy statement. Tamayo's motion for compassionate release is therefore granted.[1]

## I.   LEGAL STANDARD

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may only bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent they are applicable," a court may grant a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). A reduction in sentence under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2)

---

[1] The Court determines that there is no need for oral argument on this matter.

1   remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)).

2         The Sentencing Commission has set forth threshold requirements and defined
3   "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(2).  First, the Sentencing
4   Commission requires the Court to find "[t]he defendant is not a danger to the safety of any other
5   person or the community, as provided in 18 U.S.C. § 3142(g)." Id.  Second, the application notes
6   to U.S.S.G. § 1B1.13 enumerate five circumstances that establish "extraordinary and compelling
7   reasons" to reduce a defendant's sentence.

8         The first two relate to the defendant's medical condition.  The "extraordinary and
9   compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness
10  (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt.
11  n.1(A)(i).  It is also satisfied by "a serious physical or medical condition, . . . serious functional or
12  cognitive impairment, or . . . deteriorating physical or mental health because of the aging
13  process . . . that substantially diminishes the ability of the defendant to provide self-care within the
14  environment of a correctional facility and from which he or she is not expected to recover." Id.
15  § 1B1.13 cmt. n.1(A)(ii).  The defendant's age qualifies as a third extraordinary and compelling
16  reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in
17  physical or mental health because of the aging process; and (iii) has served at least 10 years or
18  75 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13 cmt. n.1(B).
19  Family circumstances requiring the defendant to care for minor children or a spouse or registered
20  partner are a fourth qualifying reason. Id. § 1B1.13 cmt. n.1(C).  Fifth, a catch-all provides for
21  relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's
22  case an extraordinary and compelling reason other than, or in combination with, the reasons
23  described in subdivisions (A) through (C)." Id. § 1B1.13 cmt. n.1(D).

24  **II.   DISCUSSION**

25        Tamayo has satisfied these requirements.  First, he has exhausted his administrative
26  remedies because more than thirty days have lapsed since he submitted a written request for
27  compassionate release to the warden of his facility. See Mot. at 3–4.  Second, the Court has
28  considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are

consistent with granting Tamayo's motion for compassionate release. Third, the Court does not believe that Tamayo is a danger to the community given his effort toward self-improvement while incarcerated. Lastly, "extraordinary and compelling reasons," as defined by the applicable Sentencing Commission policy statement, warrant his release. See 18 U.S.C. § 3582(c)(1)(A)(i).

### A. Exhaustion

A defendant may bring a § 3582(c) motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Tamayo made two requests for compassionate relief in April. Mot. Ex. A at 3–4. The Government does not dispute that the warden received at least one of them in early May. Mot. at 4; see Response. The Court therefore finds more than thirty days have lapsed since the warden's receipt of Tamayo's request. See 18 U.S.C. § 3582(c)(1)(A).

### B. Section 3553(a) Factors

The Court has considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are consistent with granting Tamayo's motion for compassionate release. Tamayo has served approximately 80% of his sentence, and his early release is not inconsistent with "the nature and circumstances of the offense and the history and characteristics of the defendant," providing just punishment and adequate deterrence, the applicable sentencing range and policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See Order Reducing Sent. (dkt. 455); 18 U.S.C. § 3553(a). As the government concedes, Tamayo "has served an appreciable amount of incarceration for his conspiracy conviction." Response at 2.

### C. Danger to the Community

The Court does not believe that Tamayo is a danger to the community. Section 3142(g) lays out four factors for determining dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Id. Tamayo is incarcerated for a non-violent offense. See generally Order Reducing Sent. He has taken advantage of opportunities

3

to better himself by completing a Non-Residential Substance Abuse Counseling program, and courses in parenting, business, anger management, and fiscal responsibility. See McPherson Decl. (dkt. 513) ¶ 10. He poses a low risk of recidivism, and law enforcement believes that he has ended his gang affiliation." Mot. Ex. A at 4; Response at 2. Although Tamayo does have a criminal history, "the Government notes that these convictions are 17 to 25 years old." Response at 2. Considering the "characteristics of the person," "[Tamayo] is not a danger to the safety of . . . . the community." See 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13.

### D. Extraordinary and Compelling Reasons

"Extraordinary and compelling reasons," as defined by the applicable Sentencing Commission policy statement, "warrant . . . a reduction" in Tamayo's sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). The "extraordinary and compelling reasons" standard is satisfied by "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Tamayo's diabetes and chronic kidney disease indisputably put him at greater risk of severe illness or death should he contract COVID-19. Centers for Disease Control, At Risk for Severe Illness (July 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Tamayo is incarcerated at FCI Oakdale, "a relative hotspot of the Covid-19 epidemic within the BOP." United States v. Barnes, No. CR14-86, 2020 WL 3606354, at *2 (E.D. La. July 2, 2020). Tamayo's own cellmate has contracted the virus. McPherson Decl. ¶ 14. In the context of the COVID-19 pandemic, Tamayo's medical conditions "substantially diminish[]" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii); see also United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *4 (S.D.N.Y. Apr. 1, 2020) ("Confined to a small cell where social distancing is impossible, [Tamayo] cannot provide self-care because he cannot protect himself from the spread of a dangerous and highly contagious virus.").

### III. CONCLUSION

For the foregoing reasons, Tamayo's motion for compassionate release is GRANTED.

4

Tamayo's sentence of imprisonment is modified to time served.  The standard and special conditions from Tamayo's original sentencing order remain in effect.  Prior to release, Tamayo shall undergo a 14 day quarantine in BOP custody, which shall commence immediately.[2]  Finally, the government shall serve a copy of this order on the Warden at FCI Oakdale immediately.

**IT IS SO ORDERED.**

Dated: August 20, 2020



CHARLES R. BREYER
United States District Judge

---

[2] If Tamayo alerts the Court that he is already in quarantine, the Court can modify this order accordingly; he would not need to undergo a new 14-day quarantine.